UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

IN RE:     JENNIFER L. AKEY,               Case No.11-

Debtor

CHAPTER 13 PLAN

I. PROPERTY AND FUTURE EARNINGS
   1. The Debtor submits the following property and future earnings to the supervision and control of the trustee:

   Future Earnings: $535.00 per month for the duration of the plan.

   2. The Debtor has the following non-exempt assets available which effect the calculation of future earnings necessary for the plan:
      A. Equity of $1,000.00 in snowmobile trailer
      B. Equity of $2,500.00 in 2004 Polaris Snowmobile

II. DURATION OF PLAN
    1. The payments shall be made by or on behalf of the debtor to the trustee for a period of 54 months.

III. CLASSIFICATION AND TREATMENT OF CLAIMS
     1. Full payment in deferred cash payments of all claims entitled to priority under 11 USC 507, including trustee's compensation as determined by the United States Trustee's Office.
     2. Payment to debtor's attorney of the remainder of his unpaid fee in the amount of $3,000.00.
     3. Allowed secured claims dealt with inside the plan:
        A. Citizens Auto Finance
        Trustee shall pay creditor the sum of $11,922.00 with interest at 6% per annum as and for the balance due and owing on the 2007 Chevrolet Impala.
        B. HSBC/Polaris
        Trustee shall pay the sum of $1,000.00 with interest at 5% per annum as and for the fair market value of the 2008 Polaris Snowmobile.

     4. Secured claims payable outside the plan:
        A. Sovereign Bank
        Debtor shall continue making monthly mortgage payments as they become due as and for the loan secured by the homestead.

5. Other claims:
   A. IRS
   Trustee shall pay creditor the sum of $4,526.00 as and for Income taxes due and owing.

6. Holders of allowed secured claims shall retain the liens securing such claims.

7. Subsequent to secured claims, unsecured creditors whose claims are duly allowed ratably to the amount of such claims shall share pro rata approximately the sum of $3,500.00, which will constitute approximately and at least 7% of the anticipated total of such claims.

IV.    OTHER PROVISIONS

1. There are no executory contracts of the debtor to be accepted or rejected.
2. Title to the debtor's property shall revest in the debtor at the time of the confirmation of the plan, unless otherwise stated in the Order confirming the plan.
3. The effective date of this plan will be the date of the Order confirming the plan.
4. The payments by the debtor will be made directly to the trustee, beginning 30 days after the filing of this Plan.

DATED: March 24, 2011     /s/ Jennifer L. Akey
                                       Jennifer L. Akey, Debtor

                                       /s/ John B. Robeson, Esq.
                                       John B. Robeson, Esq.
                                       Brott & Robeson, P.C.
                                       Attorney for Debtor
                                       2 South Market Street
                                       Johnstown, NY 12095
                                       (518) 762-6160